**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4034**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTREL DEMON RHONE, a/k/a Killa,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00380-D-1)

_____

Submitted:  July 21, 2025                          Decided:  August 19, 2025

_____

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Daniel M. Blau, DANIEL M. BLAU, ATTORNEY AT LAW, PC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montrel Demon Rhone seeks to appeal the district court's judgment after pleading guilty to conspiracy to distribute and to possess with intent to distribute heroin, methamphetamine, fentanyl, and a fentanyl analogue, in violation of 21 U.S.C. § 846; distribution of a fentanyl analogue, in violation of 21 U.S.C. § 841(a)(1); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Rhone's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in finding the drug quantity and applying a role enhancement at sentencing, and whether his trial counsel was ineffective. The Government has moved to dismiss the appeal as barred by Rhone's appeal waiver. Rhone has filed a pro se supplemental brief addressing his claim that he received ineffective assistance by trial counsel. We dismiss in part and affirm in part.

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023).

"For example, [n]o appeal waiver . . . can bar a defendant's right to challenge his sentence as outside a statutorily prescribed maximum or based on a constitutionally

2

impermissible factor such as race." *United States v. Toebbe*, 85 F.4th 190, 202 (4th Cir. 2023) (internal quotation marks omitted). "In such circumstances, we have explained, 'the errors allegedly committed by the district courts were errors that the defendants could not have reasonably contemplated when the plea agreements were executed.'" *Id*. Moreover, "the existence of such a waiver does not bar our review of the validity of the guilty plea and plea waiver." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023).

We review the validity and effect of an appeal waiver de novo. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024). "Where 'there is no claim that the United States breached its obligations under the plea agreement,' we enforce an appeal waiver if the record shows (1) 'that the waiver is valid' and (2) 'that the issue being appealed is within the scope of the waiver.'" *Id*. "An appeal waiver is valid 'if the defendant's agreement to the waiver was knowing and intelligent.'" *Id*. "We look at the 'totality of the circumstances,' including the clarity of the waiver's text and 'whether the district court sufficiently explained the waiver' at the defendant's 'plea colloquy.'" *Id*. "We use traditional principles of contract law to determine whether an issue falls within the scope of a valid waiver." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

Upon our review of the record, we conclude that Rhone's appeal waiver is valid, and the sentencing claim asserted in the *Anders* brief falls within the scope of the waiver. In accordance with *Anders*, we have also reviewed the ineffective assistance claim and the entire record for any potentially meritorious issues that fall outside the appeal waiver and have found none. Ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary

3

to determining the adequacy of representation," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we will consider such claims "on direct review where the ineffectiveness of counsel 'conclusively appears in the trial record itself,'" *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). Because no ineffective assistance of counsel conclusively appears in the trial record itself, we decline to consider this issue on direct appeal. Rhone should raise his claim, if at all, in a motion under 28 U.S.C. § 2255.

Accordingly, we grant the Government's motion to dismiss the appeal in part and affirm the district court's judgment in part. This court requires that counsel inform Rhone, in writing, of his right to petition the Supreme Court of the United States for further review. If Rhone requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rhone. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4